IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MICHAEL LANDRY and**
**LISA LANDRY, husband and wife,**

    **Plaintiffs, and**　　　　　　　　　　　CASE NO.: 3:06-CV-43 MCR/MD
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　and
**COPY PRODUCTS LEASING, INC., and**　　CASE NO.: 3:06-CV-44 MCR/EMT
**R. ROGER WALLACE**　　　　　　　　　　　　　　　(consolidated)

    **Plaintiffs,**

v.

**PERDIDO KEY LOTS 124 & 125, LLC,**

    **Defendant.**

v.

**COPY PRODUCTS LEASING, INC., and**
**R. ROGER WALLACE; and MICHAEL**
**LANDRY and LISA LANDRY, husband and**
**wife**

    **Counter-Defendants; and**

**ARCHITECTURE DESIGN &**
**DETAILING, INC.**

    **Third-Party Defendant**
_____/

## O R D E R

    Pending before the court is plaintiffs' Motion for Default Judgment.  (Doc. 196). After initially reviewing plaintiffs' motion, the court entered an order directing plaintiffs to supplement their motion with an appropriate memorandum of law setting forth the factual and legal justification for their proposed damages.  (Doc. 199).  The court further suggested a number of questions to be addressed in the plaintiffs' briefing.  Id.

In response to the court's order, plaintiffs have filed a Memorandum of Law in Support of Motion for Default Judgment in which they argue they are entitled to at least the return of their deposits plus interest. (Doc. 200). Plaintiffs also argue their fraudulent inducement claims entitle them to "benefit-of-the-bargain" damages under Florida's "flexibility theory". Id. Applying the "benefit-of-the-bargain" approach, plaintiffs assert that they are each entitled to $195,000, which represents the difference between the contract price of each property and each property's appraised value as of November 26, 2004, when the plaintiffs' homes were to be completed. Id.

After reviewing the plaintiffs' memorandum and the applicable case law, the court has questions about plaintiffs' claims for fraudulent misrepresentation and whether they are barred by Florida's economic loss rule. See Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So.2d 532 (Fla. 2004). While plaintiffs state that their claims are for fraud in the inducement, which is an exception to this rule, the court is concerned that their claims are actually tied to defendant's breach of contract and thus barred by the economic loss rule. See Topp, Inc. v. Uniden Am. Corp., 513 F.Supp.2d 1345, 1348 (S.D. Fla. 2007) ("A plaintiff cannot avoid the economic loss rule merely by labeling a claim as fraud or fraud in the inducement."). All of defendant's alleged misrepresentations are incorporated into the plaintiffs' contracts and relate to the defendant's performance of the contracts. Because such misrepresentations are "interwoven and indistinct from the heart of the contractual agreement[s]," it appears to the court that the economic loss rule limits plaintiffs to the remedies contained in their contracts. See Topp, 513 F.Supp.2d at 1348-51; Genron Enters, LTD. v. Metecno Panel Sys., Inc., 2006 WL 1000320 (M.D.Fla. Apr. 17, 2006); Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So.2d 577, 579 (Fla. 4th DCA 1998).

Notwithstanding the court's initial impression, plaintiffs will be afforded another opportunity to supplement their motion for default judgment to more fully explain why their claims for fraudulent inducement are not barred by the economic loss rule. Accordingly, plaintiffs are ordered to supplement their Motion for Default Judgment within fourteen (14) days, in a manner consistent with what has been expressed in this order. If no briefing is

filed within the time period allotted, the court will enter an order granting the motion for default judgment and awarding plaintiffs their $33,000 deposits plus accrued interest, respectively.

ORDERED on this 20th day of May 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**