## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MICHAEL LANDRY and
LISA LANDRY, husband and wife,

       Plaintiffs, and                 CASE NO.: 3:06-CV-43 MCR/MD
                                             and
COPY PRODUCTS LEASING, INC., and      CASE NO.: 3:06-CV-44 MCR/EMT
R. ROGER WALLACE                          (consolidated)

       Plaintiffs,

v.

PERDIDO KEY LOTS 124 & 125, LLC,

       Defendant.

v.

COPY PRODUCTS LEASING, INC., and
R. ROGER WALLACE; and MICHAEL
LANDRY and LISA LANDRY, husband and
wife

       Counter-Defendants; and

ARCHITECTURE DESIGN &
DETAILING, INC.

       Third-Party Defendant
_____/

## O R D E R

      Pending before the court is Plaintiffs' Motion for Default Judgment (doc. 196) and
Plaintiffs' Motion Requesting Default Judgment and Award of Deposits (doc. 202).  For the
reasons that follow, the former motion is DENIED as moot and the latter motion is
GRANTED.

## Background

1.      Plaintiffs Michael and Lisa Landry (hereinafter "Landry") and Plaintiffs Copy Products Leasing, Inc. and R. Roger Wallace (hereinafter "Wallace") (collectively "plaintiffs") filed separate lawsuits against Defendant Perdido Key Lots 124 & 125, LLC (hereinafter "Perdido") on or about January 24, 2006.

2.      Perdido filed its answers and affirmative defenses against plaintiffs Wallace on April 5, 2006, and against plaintiffs Landry on April 11, 2006.  Perdido also filed counterclaims against plaintiffs and a third-party claim against Architecture Design & Detailing, Inc. (hereinafter "Architecture Design").

3.      The cases were consolidated on April 20, 2006.

4.      Plaintiffs Wallace amended their complaint on November 16, 2006.

5.      Perdido filed an answer to Wallace's amended complaint, as well as counter-claims and a third-party claim on December 1, 2006.

6.      On September 30, 2007, the Court entered an Order granting summary judgment in favor of Perdido as to Count I of plaintiffs' complaints, violation of the Interstate Land Sales Full Disclosure Act (hereinafter "ILSFDA"), 15 U.S.C. § 1703(a)(1).

7.      Perdido's Motion for Summary Judgment was denied as to the remaining counts of plaintiffs' complaints, i.e., Count II (Violation of ILSFDA, 15 U.S.C. § 1703(a)(2)), Count III (Declaratory Relief), Count IV (Breach of Contract), Count V (Specific Performance), Count VI (Fraudulent Misrepresentation), and Count VII (Breach of Implied Covenant of Good Faith and Fair Dealing).

8.      On October 19, 2007, the court entered an order granting defense counsel's second motion for leave to withdraw and advised Perdido that it had thirty (30) days to retain substitute counsel, and that failure to do so would result in the dismissal of its counter-claims and third-party claim and possible entry of default against it on plaintiffs' claims.

9.      On December 18, 2007, the court entered an order advising that the time provided to Perdido to retain substitute counsel had passed without Perdido obtaining substitute counsel, and allowing plaintiffs ten (10) days to seek a default judgment.

10.     On December 28, 2007, plaintiffs filed a Motion for Default Judgment pursuant to the court's December 18, 2007, order.

11.     Subsequently, the court entered orders on February 27, 2007, and May 20, 2008, directing plaintiffs to supplement their motion by setting forth the factual and legal justification for their proposed damages.

12.     In response to the court's orders, plaintiffs have now filed a Motion Requesting Default Judgment and Award of Deposits.

**Discussion**

1.      In plaintiffs' Motion Requesting Default Judgment and Award of Deposits, plaintiffs abandon the relief they requested in their initial motion for default judgment.

2.      Instead, plaintiffs ask the court to award them the return of their $33,000 deposits, plus any accrued interest, currently held by the Bank of Pensacola in an escrow account for Defendant Perdido Key Lots 124 & 125, LLC.

3.      This request is supported by the provisions of the contracts at issue, which entitles plaintiffs as buyers to the return of all deposits "as full and liquidated damages" for Perdido's default.  See, e.g., doc. 81-2 at p. 6.

4.      The court has no contrary information regarding the amount or availability of the requested damages.

5.      Because the evidence before the court supports plaintiffs' claims for damages, the court concludes that final judgment in the amount sought is warranted.

Accordingly, final judgment against Defendant Perdido Key Lots 124 & 125, LLC is appropriate.   Plaintiffs Landry and Wallace are entitled to the return of their $33,000 deposits, plus any accrued interest, currently held by the Bank of Pensacola in an escrow account for Perdido Key Lots 124 & 125, LLC.

IT THEREFORE IS ORDERED:

1.      Plaintiffs' Motion for Default Judgment (doc. 196) is DENIED as moot.

2.      Plaintiffs' Motion Requesting Default Judgment and Award of Deposits (doc. 202) is GRANTED.

3.      Defendant's counter and third-party claims are dismissed.

4.      The clerk shall enter final judgment against Perdido Key Lots 124 & 125, LLC.

5.      Plaintiffs are entitled to all of the funds currently being held in an escrow account for Defendant Perdido Key Lots 124 & 125, LLC by the Bank of Pensacola in the amount of $33,000 for Plaintiffs Michael Landry and Lisa Landry and $33,000 for Plaintiffs Copy Products Leasing, Inc., and R. Roger Wallace, plus all accrued interest to date.

6.      The Bank of Pensacola is directed to release these funds within ten (10) days from receipt of this order.

7.      If nothing is filed in this case by the expiration of the ten (10) day period in paragraph 6, the Clerk shall close the file.

DONE and ORDERED this 23rd day of June, 2008.


_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**